UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| BARRY CUMMINGS and HARRY CUMMINGS, Jr., Administrator of Estate of Mary Louise Cummings, Deceased<br><br>Plaintiffs,<br><br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>Defendant. | CIVIL ACTION<br><br>No. 11-02691 |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                 **JULY  11, 2011**

Presently before the Court is Defendant, Allstate Insurance Company's ("Allstate") Motion to Dismiss.  For the reasons stated below, Allstate's Motion will be granted.

**I.      FACTS**[1]

Barry Cummings ("Plaintiff") is the son of the late Mary Louise Cummings ("Mary"). Plaintiff is the named insured and Mary was an additional insured on a homeowner's insurance policy with Allstate.  On May 31, 2009, water escaped from their plumbing or heating system, which caused the floor of their home to collapse.  Plaintiff provided prompt notice of the loss to Allstate, and, in response, Allstate sent an adjuster to Plaintiff's home.  Subsequently, Allstate denied coverage.  Plaintiffs could not afford to repair the floor out-of-pocket.  On September 19, 2010, Mary tripped and fell on the collapsed floor and sustained a fracture in her left leg.  On

---

[1] All facts, unless otherwise stated, are taken from Plaintiffs' Amended Complaint or Plaintiffs' Response.

September 20, 2010 Mary underwent surgery to correct the fracture.  On September 22, 2010, while hospitalized, Mary suffered a cardiac arrest and died.  Plaintiffs allege that the damages to their home and consequential losses from their inability to use their home exceed $50,000.

Plaintiff commenced this action against Allstate on May 13, 2010 by filing a Statement of Claim in the Philadelphia County Municipal Court.  (Not. of Rem. ¶ 1.)  A default judgment was entered in favor of Plaintiff on July 19, 2010 for failure to appear.  Allstate appealed the default judgment on August 17, 2010.  On August 19, 2010, Plaintiff filed a Complaint in the Philadelphia County Court of Common Pleas.  After Mary passed away, Plaintiff's brother, Harry William Cummings, Jr. ("Harry"), applied for and was granted letters of administration by the Chester County Register of Wills.  Thereafter, Plaintiff filed an Amended Complaint.  On April 22, Allstate removed the case to this Court.  On April 28, 2011, Allstate filed the instant Motion to Dismiss.

## II.    STANDARD OF REVIEW

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint.  Kost v. Kozakiewicz, 1 F.3d 176, 183 (3d Cir. 1993).  Under Rule 12(b)(6), the defendant bears the burden of demonstrating that the plaintiff has not stated a claim upon which relief can be granted.  Fed. R. Civ. P. 12(b)(6); see also Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).  In Bell Atl. Corp. v. Twombly, the Supreme Court stated that "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  550 U.S. 544, 555 (2007).  Following Twombly, the Third Circuit has explained that the factual allegations in the complaint may not be "so undeveloped that [they do] not provide a defendant

the type of notice which is contemplated by Rule 8." Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). Moreover, "it is no longer sufficient to allege mere elements of a cause of action; instead 'a complaint must allege facts suggestive of [the proscribed] conduct.'" Id. (alteration in original) (quoting Twombly, 550 U.S. at 563 n.8). Furthermore, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level." Id. at 234 (quoting Twombly, 550 U.S. at 555). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element.'" Id. (quoting Twombly, 550 U.S. at 556).

Notwithstanding Twombly, the basic tenets of the Rule 12(b)(6) have not changed. The Knit With v. Knitting Fever, Inc., No. 08-4221, 2009 U.S. Dist. LEXIS 30230, at *6 (E.D. Pa. Apr. 8, 2009). The general rules of pleading still require only a short and plain statement of the claim showing that the pleader is entitled to relief, not detailed factual allegations. Phillips, 515 F.3d at 231. Moreover, when evaluating a motion to dismiss, the court must accept as true all well-pleaded allegations of fact in the plaintiff's complaint, and must view any reasonable inferences that may be drawn therefrom in the light most favorable to the plaintiff. Id.; Buck v. Hampton Twp. Sch. Dist., 452 F.3d 256, 260 (3d Cir. 2006). Finally, the court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." Pinkerton v. Roche Holdings Ltd., 292 F.3d 361, 374 n.7 (3d Cir. 2002).

### III. DISCUSSION

#### A. Whether Compensatory Damages Are Recoverable Under Statutory Bad Faith Claims

Allstate argues that compensatory damages claims are not recoverable under statutory claims for bad faith. Accordingly, Allstate moves to dismiss Plaintiffs' claims for compensatory damages in Count II[2] and Count III[3] of Plaintiffs' Amended Complaint. Pennsylvania's bad faith statute provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions:
>
> (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%.
> (2) Award punitive damages against the insurer.
> (3) Assess court costs and attorney fees against the insurer.

42 Pa. C.S.A. § 8371. The seminal Pennsylvania case addressing whether compensatory damages are available under the statute is The Birth Center v. St. Paul Companies, Inc., 787 A.2d 376 (Pa. 2001). In Birth Center, the Pennsylvania Supreme Court unequivocally held that compensatory damages based on Section 8371 are not recoverable. Id. at 386. However, the Birth Center decision also held that, under Pennsylvania law, an insured is permitted to bring a bad faith claim sounding in contract to recover those types of damages available in contract actions generally, including compensatory damages. Id. In this case, Plaintiffs have alleged a breach of contract action in Count I, but they have not pled compensatory damages in that Count. To the extent that Plaintiffs have failed to plead compensatory damages under Count I, we will

---

[2] Count II is a statutory bad faith claim on behalf of Plaintiff.

[3] Count III is a statutory bad faith claim on behalf of Harry as Administrator of Mary Louise's estate.

grant them an additional ten days to submit a Second Amended Complaint reflecting their claim for compensatory damages under their contractual claim.  Accordingly, we will dismiss Plaintiffs' claims for compensatory damages in Count II (Plaintiff's statutory bad faith claim) and Count III (Harry's statutory bad faith claim), and we will grant Plaintiffs leave to amend the Complaint to include a claim for compensatory damages under Count I (Plaintiffs breach of contract bad faith claim).

      **B.**    **Whether Pennsylvania law allows a Separate Claim for Breach of the Covenant of Good Faith and Fair Dealing**

Allstate argues that Plaintiffs have failed to state a cause of action for breach of the covenant of good faith and fair dealing in Count IV of their Amended Complaint because this common law claim merges with the common law claim for breach of contract.  Plaintiffs contend that Allstate's position contradicts the Pennsylvania Supreme Court's holding in <u>Birth Center</u>, which, Plaintiffs argue, recognizes that a policyholder has the right to bring a common law action for breach of the implied duty to act in good faith separate from a breach of contract claim.  In support of their argument that Pennsylvania allows an independent claim for breach of the covenant of good faith and fair dealing, Plaintiffs also cite to several other cases.  For the following reasons, we find that Pennsylvania does not allow an independent cause of action for a breach of the implied duty to act in good faith and we will dismiss Count IV (Breach of the Covenant of Good Faith and Fair Dealing on behalf of Plaintiffs) of Plaintiffs' Complaint.

First, as we will explain below, the cases to which Plaintiffs cite all stand for the general proposition that, under Pennsylvania law, an insured may bring both a common law contract action and a statutory action against an insurer for bad faith.  However, none of the cases deal

squarely with the issue of whether a claim for a breach of the covenant of good faith and fair dealing merges with a contract action.  Notwithstanding the fact that Plaintiffs have not specified the specific language in Birth Center which they believe supports a separate cause of action, we assume that Plaintiffs refer to the court's statement that, "Breach of . . . [the] obligation [to act in good faith] constitutes a breach of the insurance contract for which an action in assumpsit will lie." 787 A.2d at 385 (citing Gray v. Nationwide Ins. Co., 223 A.2d 8, 12 (Pa. 1966)) (alterations in original).  In our view, this statement falls short of creating or endorsing a cause of action for breach of the covenant of good faith and fair dealing independent from a breach of contract claim and to interpret it as Defendant suggests would contravene well-established Pennsylvania law on this issue.  See Simmons v. Nationwide Mut. Fire Ins. Co., No. 11-328, 2011 WL 1527800, at *4 (W.D. Pa. April 20, 2011) (". . . Pennsylvania law does not recognize a separate breach of contractual duty of good faith and fair dealing where said claim is subsumed by a separately pled breach of contract claim") (collecting Pennsylvania cases holding the same).

      The remainder of the cases cited by Plaintiffs are equally inapposite.  In Haugh v. Allstate Ins. Co, 322 F.3d 227 (3d Cir. 2003), the court held that, in light of the Pennsylvania Supreme Court's decision in Birth Center, the plaintiff was entitled to bring a common law breach of contract claim in conjunction with his Section 8371 claim.  322 F.3d at 236-37.  Similarly, in Kakule v. Progressive Cas. Ins. Co., No. 06-4995, 2007 WL 1810667 (E.D. Pa. June 20, 2007), we reiterated the holding in Birth Center and stated that "Pennsylvania insureds are now permitted to raise common law contract actions for the bad faith conduct of insurers."  2007 WL 1810667, at *5.  In Aquila v. Nationwide Mut. Ins. Co., No. 07-2696, 2008 WL 5348137 (E.D. Pa. Dec. 15, 2008), the plaintiff brought a claim against the insurer for "actions constituting bad

faith in violation of the law." 2008 WL 5348137, at *5. The court interpreted the claim to assert "both a common law contract action for breach of the general obligation to act in good faith inherent in every contract . . . and a statutory claim under [Section 8371]." Id. (internal citations and quotations omitted). Finally, in Jurinko v. Medical Protective Co., Nos. 06-3519, 06-3666, 305 Fed. Appx. 13 (3d Cir. Dec. 24, 2008), an unpublished opinion, the Third Circuit stated that "Pennsylvania has long recognized a contractual cause of action for bad faith conduct on the part of the insurer" and that it also "provides a statutory remedy." 305 Fed. Appx. at 20. None of the foregoing cases address the issue of whether there exists a claim for a breach of the covenant of good faith and fair dealing independent of a breach of contract claim.

On the other hand, the cases that Allstate cites directly address whether a claim for breach of the covenant of good faith and fair dealing merges with a breach of contract claim and the answer is in the affirmative. In Gray v. Nationwide Ins. Co., the court held that an insurer's breach of an obligation to represent in good faith the rights of its insured "constitutes a breach of the insurance contract for which an action in assumpsit will lie." 223 A.2d at 11. In Meyer v. CUNA Mut. Group, No. 03-602, 2007 WL 2907276 (W.D. Pa. Sept. 28, 2007), the court stated that "[a] party is generally precluded from maintaining a claim for the breach for the implied duty of good faith and fair dealing separate and distinct from the underlying breach of contract claim." 2007 WL 2907276, at *14. In JHE, Inc. v. Southeastern Pennsylvania Transp. Auth., No. 1790 Nov. Term 2001, 2002 WL 1018941 (Pa. Com. Pl. May 17, 2002), the court held that ". . . a breach of the covenant of good faith is nothing more than a breach of contract claim and that separate causes of action cannot be maintained for each, even in the alternative." 2002 WL 1018941, at *7. Furthermore, in LSI Title Agency, Inc. v. Evaluation Servs., Inc., 951 A.2d 384

(Pa. Super. Ct. 2008), the Superior Court cited to JHE, Inc. in holding that a claim for breach of the implied covenant of good faith and fair dealing is a breach of contract action, not an independent action for breach of a duty of good faith and fair dealing. 951 A.2d at 391. In In re K-Dur Antitrust Litig., 338 F. Supp. 2d 517 (D.N.J. 2004), the District Court of New Jersey, applying Pennsylvania law, held that "Although Pennsylvania imposes a duty of good faith and fair dealing on each party in the performance of contracts . . . there is no separate cause of action for breach of these duties under Pennsylvania law." 338 F. Supp. 2d at 549 (D.N.J. 2004). Finally, in Northview Motors, Inc. v. Chrysler Motors Corp., 227 F.3d 78 (3d Cir. 2000), the Third Circuit rejected the existence of an independent cause of action for breach of the duty of good faith. 227 F.3d at 91 n.6.

    Recently, in Zaloga v. Provident Life and Accident Ins. Co. of America, et al., 671 F. Supp. 2d 623 (M.D. Pa. 2009), the district court discussed "whether the implied covenant of good faith and fair dealing is distinct from a breach of contract claim." 671 F. Supp. 2d at 630. After carefully examining the origins of the implied covenant of good faith and fair dealing in Pennsylvania and the history of the case law associated with the claim, the district court concluded that "there is no independent cause of action for a breach of the covenant of good faith and fair dealing-arising in contract-in Pennsylvania because such breach is merely a breach of contract." Id. at 631 (citing Birth Center, 787 A.2d at 385-86). Furthermore, the district court cited Meyer for the proposition that "a breach of the covenant of good faith and fair dealing merges with a breach of contract claim." Id. (citing Meyer, 2007 WL 2907276, at *14-15). Accordingly, we will follow this case law and hold that, there is no implied covenant of good faith and fair dealing claim separate from a breach of contract claim. Thus, we will dismiss

Count IV of Plaintiffs' Amended Complaint.

## IV.     CONCLUSION

First, we hold that, under Pennsylvania law, compensatory damages are not recoverable under a statutory bad faith claim. However, we will grant Plaintiffs an additional ten days to submit a Second Amended Complaint to include their claim for compensatory damages under their breach of contract claim. Secondly, we hold that, under Pennsylvania law, there is no separate cause of action for breach of the duty of good faith and fair dealing and that such a claim is subsumed within a breach of contract claim. Thus, we will dismiss Count IV (breach of the duty of good faith and fair dealing on behalf of Plaintiffs) with prejudice.

An appropriate Order follows.