UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BARRY CUMMINGS and HARRY CUMMINGS, Jr., Administrator of Estate of Mary Louise Cummings, Deceased, Plaintiffs, v. ALLSTATE INSURANCE COMPANY, Defendant. | CIVIL ACTION<br><br>No. 11-02691 |

**MEMORANDUM**

**ROBERT F. KELLY, Sr. J.**                                                                                              **DECEMBER 27, 2011**

Presently before the Court is the Defendant, Allstate Insurance Company's ("Allstate") Motion to Dismiss the Second Amended Complaint submitted by Plaintiffs, Barry Cummings ("Plaintiff"), and Harry Cummings, Jr., as administrator of the Estate of Mary Louise Cummings (the "Decedent") (collectively, "Plaintiffs"). For the reasons set forth below, Allstate's Motion will be granted in part and denied in part.

**I.     FACTS**

Plaintiffs allege that the residence where Plaintiff Barry Cummings and the Decedent resided (the "Property") was insured under a Deluxe Homeowner's Policy (the "Policy") issued by Allstate at all times relevant to the Second Amended Complaint. (Second Am. Compl. ¶¶ 4-5.) Plaintiffs further allege that, on or about May 31, 2009, water escaped from a plumbing or heating system, which caused considerable damage to the floor of the Property. (Id. ¶ 5.) Additionally, Plaintiffs claim that they sent prompt notice of the loss to Allstate and that they

otherwise complied with all terms and conditions of the Policy, but that, despite their diligence, Allstate refused to pay the claim. (Id. ¶¶ 6-7.) Plaintiffs claim that Allstate's refusal to pay the claim "ignor[ed] the results of its own investigation" and was done with knowledge that "the collapsed floor created an extremely dangerous condition to those who resided at the premises." (Id. ¶ 8.)

Without a reimbursement from Allstate, Plaintiffs claim that they were financially incapable of making the necessary repairs to the floor and that the floor remained in an unsafe condition. (Id. ¶ 9.) Plaintiffs allege that, on September 19, 2010, the Decedent tripped and fell on the collapsed floor, sustaining serious injuries to her left leg. (Id. ¶ 10.) Plaintiffs further allege that the Decedent's injuries required surgery to correct, which surgery the Decedent underwent on September 20, 2010. (Id. ¶ 10.) Moreover, Plaintiffs assert that, on September 22, 2010, while still hospitalized from surgery, the Decedent suffered cardiac arrest and died. (Id. ¶ 11.) According to Plaintiffs, the Decedent's death is solely attributable to Allstate's bad faith refusal to pay their claim.

At some point during discovery, it came to light that Plaintiffs hired a subcontractor, Dave Bonsall ("Bonsall"), to repair the floor after Allstate denied their loss claim. Bonsall testified at his deposition that he is the nephew of the Decedent and that he performed the work prior to the Decedent's slip and fall and her unfortunate death. Despite his admitted work to the floor, Plaintiffs have not named him as a defendant. Bonsall's absence from this case is the subject of the instant Motion.

II.   PROCEDURAL BACKGROUND

This action was originally filed in the Court of Common Pleas of Philadelphia County on

August 25, 2010, by filing a Complaint alleging breach of contract and bad faith. (Not. of Removal ¶ 3.) On March 29, 2011, Plaintiff was granted leave to amend the Complaint to add the Decedent's estate as an additional plaintiff. (Id. ¶ 6.) The Amended Complaint alleged breach of contract, statutory bad faith, and breach of good faith and fair dealings "pursuant to a survival action." (Id. ¶ 8.) On April 21, 2011, Allstate removed the case to this Court. (Doc. No. 1.) On April 28, 2011, Allstate filed a Motion to Dismiss Plaintiffs' breach of good faith and fair dealing claim and Plaintiffs' claim for compensatory damages under their statutory bad faith claim. (Doc. No. 3.) We granted Allstate's Motion to Dismiss on July 11, 2011, and ordered Plaintiffs to submit a Second Amended Complaint, which Plaintiffs timely filed. See Cummings v. Allstate Ins. Co., Civil Action No. 11-02-691, 2011 WL 2681517 (E.D. Pa. July 11, 2011).

Plaintiffs' Second Amended Complaint is comprised of two counts. In Count I, Plaintiffs allege that Allstate breached the contract of insurance by denying benefits due under the Policy without a reasonable basis. (Second Am. Compl. ¶ 19.) Also in Count I, Plaintiffs demand damages for pain and suffering, mental distress anguish, and mental trauma suffered by the Decedent prior to her death pursuant to Pennsylvania's Wrongful Death Act, 42 Pa. C.S. § 8301[1]

---

[1] 42 Pa. C.S. § 8301 provides, in relevant part:

> An action . . . may be brought to recover damages for the death of an individual caused by *the wrongful act or neglect or unlawful violence or negligence* of another if no recovery for the same damages claimed in the wrongful death action was obtained by the injured individual during his lifetime and any prior actions for the same injuries are consolidated with the wrongful death claim so as to avoid a duplicate recovery.

42 Pa. C.S. § 8301(a) (emphasis added). The statute further provides: ". . . a plaintiff may recover, in addition to other damages, damages for reasonable hospital, nursing, medical, funeral expenses and expenses of administration necessitated by reason of injuries causing death." 42 Pa. C.S. § 8301(c).

and damages for the loss of income and services of the Decedent pursuant to Pennsylvania's Survival Act, 42 Pa. C.S. § 8302.[2]  In Count II, Plaintiffs assert a statutory bad faith claim pursuant to 42 Pa. C.S. § 8371.[3]  Therein, they allege that Allstate acted in bad faith through its cursory investigation of the claim, its denial of coverage for the claim without a reasonable basis, its delay in paying the claim, its failure to keep them apprised of the claim status, and its myriad false representations regarding the Policy provisions.  (Id. ¶ 26.)  Allstate filed its Second Motion to Dismiss on August 5, 2011, seeking to dismiss the Decedent's estate from the litigation and to strike from the Complaint the Plaintiffs demand for damages relating to the Decedent's injuries.  (Doc. No. 9.)  On September 30, 2011, we denied Allstate's Second Motion to Dismiss finding that the Decedent was properly joined and that a ruling on damages was premature.  See Cummings v. Allstate Ins. Co., Civil Action No. 11-02691, 2011 WL 4528366 (E.D. Pa. Sept. 30, 2011).

Allstate submitted its third Motion to Dismiss on October 20, 2011, arguing that we should dismiss Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil

---

[2] The Survival Act provides: "All causes of actions or proceedings, real or personal, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants."  42 Pa. C.S. § 8302.

[3] 42 Pa. C.S. § 8371 provides:

> In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%; (2) award punitive damages against the insurer; or (3) assess court costs and attorney fees against the insurer.

42 Pa. C.S. § 8371.

Procedure 12(b)(7)[4] for failure to join a party under Federal Rule of Civil Procedure 19(a), or, alternatively, that we should order that Bonsall be made a party. For the following reasons, we find that Bonsall must be joined as a party, and we order Plaintiffs to join him as a party to this action.

### III.     STANDARDS OF REVIEW

####    A.     Motion to Dismiss Under Rule 12(b)(7)

To prevail on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(7), the movant must show that the plaintiff has failed to join a party under Federal Rule of Civil Procedure 19. Rule 19 specifies the circumstances in which the joinder of a particular party is compulsory. Gen. Refractories Co. v. First State Ins. Co., 500 F.3d 306, 312 (3d Cir. 2007). Rule 19 states in material part:

> A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if: (A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: (i) as a practical matter impair or impede the person's ability to protect the interest; or (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). Courts treat clauses (A) and (B) in the disjunctive just as the rule phrases them. Gen. Refractories, 500 F.3d at 312 (citing Koppers Co. v. Aetna Cas. & Sur. Co., 158 F.3d 170, 175 (3d Cir. 1998) ("As Rule 19(a) is stated in the disjunctive, if either subsection is satisfied, the absent party is a necessary party that should be joined if possible.")).

We begin our analysis by determining whether the absent party should be joined as a

---

[4] Federal Rule of Civil Procedure 12(b)(7) provides that a proper basis of dismissal is "failure to join a party under Rule 19." Fed. R. Civ. P. 12(b)(7).

"necessary" party under Rule 19(a).  Id.  Under Rule 19(a), the joinder of parties is compulsory or necessary if their joinder is "feasible."  Id.  If a party should be joined but joinder is not feasible . . ., the court must then determine whether the absent party is "indispensable" under Rule 19(b).  Altman v. Liberty Helicopters, Civil Action No. 10-545, 2010 WL 2998467, at *2 (E.D. Pa. July 29, 2010).  "If the party is indispensable, then the action cannot go forward."  Id. (citing Janney Montgomery Scott, Inc. v. Shepard Niles, Inc., 11 F.3d 399, 404 (3d Cir. 1993)).

In reviewing a motion made under Rule 12(b)(7), the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. Pittsburgh Logistics Sys., Inc. v. C.R. England, Inc., 669 F. Supp. 2d 613, 618 (W.D. Pa. 2009) (citing Jurimex Kommerz Transit G.M.B.H. v. Case Corp., 65 Fed. Appx. 803, 805 (3d Cir. 2003)).  Furthermore, a court making a Rule 12(b)(7) motion may consider "relevant, extra-pleading evidence" when ruling on a rule 12(b)(7) motion.  Citizen Band Potawatomi Indian Tribe of OK v. Collier, 17 F.3d 1292, 1293 (10th Cir. 1994) (citation omitted); see also Davis Cos. v. Emerald Casino, Inc., 268 F.3d 477, 479 n.2, 480 n.4 (7th Cir. 2001); Jurimex Kommerz Transit G.M.B.H. v. Case Corp., 201 F.R.D. 337, 339-40 (D. Del. 2001).

    1. Rule 19(a)(1)

Under Rule 19(a)(1), we ask first whether complete relief may be accorded to those persons named as parties to the action in the absence of the unjoined party.  Janney, 11 F.3d at 405 (citing Fed. R. Civ. P. 19(a)(1)).  A rule 19(a)(1) inquiry is limited to whether the district court can grant complete relief to the persons already parties to the action.  Id.  The effect a decision may have on the absent party is immaterial.  Id. (citing Field v. Volkswagenwerk AG, 626 F.2d 293, 301 (3d Cir. 1980)).

6

## IV.   DISCUSSION

Allstate argues that Bonsall is a "necessary" party because, in the event that we find that Allstate did not breach its obligations under the Policy because the damage to the floor was not a covered loss, compensation would be unavailable to Plaintiffs unless Bonsall was joined as a defendant.  (Allstate's Mot. to Dismiss Br. at 5.)  Plaintiffs argue that their claims arise out of Allstate's breach of contract, to which Bonsall is not a party, and Allstate's bad faith conduct in breaching its contractual duties.  (Pls.' Resp. in Opp'n to Mot. to Dismiss Br. at 5.)  Plaintiffs further argue that these claims do not implicate Bonsall, especially because he made repairs to the floor only after Allstate refused to pay the Plaintiff's claim, and accordingly, they contend that complete relief may be awarded in his absence.  (Id. at 5-6.)

We find that David Bonsall is a necessary party and we will join him in this action.  We acknowledge that Plaintiffs' claims are for Allstate's alleged breach of the insurance contract and its bad faith handling and denial of their claim.  However, Plaintiffs claim that the Decedent's death was a foreseeable consequence of Allstate's denial of the claim, and they seek damages from Allstate stemming from the Decedent's death.  Plaintiffs also claim that they were unable to pay for repairs to their floor without coverage from Allstate.  However, Bonsall testified at his deposition that he, in fact, did make repairs to the floor after Allstate denied the claim.  It is apparent that this fact will play a critical role in the eventual determination of damages, if any, owing to the Plaintiffs for the death of the Decedent.

If we find that the damage to the kitchen floor was not a covered loss, the claims against Allstate will fail and it will not be liable for any damages relating to the Decedent's death.  However, because we are unable to determine whether the damage to the kitchen floor was a

covered loss at this early stage of the proceedings, we cannot make a determination as to whether the claims against Allstate will prevail on the merits.  Because of Plaintiffs' demand for damages from Allstate relating to the Decedent's death, we will be unable to accord the full relief requested in the event that we find that the damage to the kitchen floor was not a covered loss.  This is due to the fact that the success of Plaintiff's claim for damages relating to the Decedent's death has been included as a consequence of a breach of the insurance contract, which depends on the ultimate success of Plaintiff's allegation that the damage to the kitchen floor was a covered loss.  Furthermore, if we find that the damage to the kitchen floor was a covered loss and, therefore, that Allstate did breach the contract of insurance and that its conduct was in bad faith, then Bonsall's joinder will still be necessary to determine whether the damages relating to the Decedent's death were foreseeable.  Should we find that the Decedent's death was not a foreseeable consequence of the breach and bad faith conduct, then we will not be able to afford the complete requested relief to Plaintiffs.  However, it may be the case that Bonsall's repairs to the floor constitute a break in the chain of Allstate's liability and, accordingly, that he is ultimately liable to Plaintiffs.  In any event, Bonsall is a necessary party to this action because we will not be able to award full compensation to Plaintiffs in his absence.

    Additionally, we find that Bonsall's joinder in this case is feasible because his joinder would not deprive this Court of subject matter jurisdiction.  This case was removed on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(2).  (Not. Removal ¶ 13.)  Plaintiffs are citizens of Pennsylvania and Delaware (Second Am. Compl. ¶¶ 1(a)-1(b)), Allstate is an

Illinois Corporation with its principal place of business in Illinois (Not. Removal ¶ 9),[5] and Bonsall testified at his deposition that he is a citizen of Maryland. (Bonsall Dep. 2:17-18.) Thus, diversity of citizenship is complete and joinder is feasible. Accordingly, Plaintiffs are ordered to join Bonsall in this action.

      An appropriate Order follows.

---

[5] We note that Plaintiffs claim Allstate is a Pennsylvania corporation with its principal place of business in Illinois (Second Am. Compl. ¶ 2.) However, it also concedes that jurisdiction in this action is premised on diversity of citizenship and that the parties are completely diverse. (Id. ¶ 3(a).