## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

_____
|   :
BARRY CUMMINGS and   :
HARRY CUMMINGS, Jr.,   :
Administrator of Estate of Mary Louise   :
Cummings, Deceased,   :
|   :   CIVIL ACTION
Plaintiffs,   :
|   :
v.   :   No. 11-02691
|   :
ALLSTATE INSURANCE CO., and   :
DAVID BONSALL,   :
|   :
Defendants.   :
_____ :

### MEMORANDUM

**ROBERT F. KELLY, Sr. J.**                                     **JUNE 19, 2012**

Presently before the Court is the Defendant, Allstate Insurance Company's ("Allstate"),

Motion to Dismiss the Fourth Amended Complaint submitted by the Plaintiffs, Barry Cummings

and Harry Cummings, Jr., as administrator of the Estate of Mary Louise Cummings ("Decedent")

(collectively, "Plaintiffs").  For the reasons set forth below, we grant Allstate's Motion to

Dismiss.

## I.      FACTS[1]

This case involves claims for breach of contract and bad faith against Allstate in relation

to an insurance policy (the "Policy") issued by Allstate for a residence (the "Property") owned by

Plaintiff Barry Cummings and the Decedent.  Plaintiffs allege that the Property was covered by

the Policy at all times relevant to the Fourth Amended Complaint.  (Fourth Am. Compl. ¶¶ 4-5.)

---

[1]A more complete record of the factual history of this case can be found at Cummings v. Allstate
Ins. Co., Civil Action No. 11-02691, 2011 WL 6779321 (E.D. Pa. Dec. 27, 2011).

Plaintiffs further aver that, on or about May 31, 2009, water escaped from a plumbing or heating system causing significant damage to the floor of the Property.  (Id. ¶ 5.)  Plaintiffs claim that they sent prompt and timely notice to Allstate of the damage.  (Id. ¶ 6.)  Allstate denied the claim, and refused to pay any money under the policy.  (Id. ¶ 7.)  Consequently, Plaintiff and Decedent were unable to pay for repairs to the damaged floor.  (Id. ¶ 9.)  Sometime after Allstate's denial of the claim, Plaintiff and Decedent hired their nephew, David Bonsall ("Bonsall"), a sub-contractor, to make repairs to the floor.  (Bonsall Dep. 25:8, Sept. 28, 2011.) Bonsall completed emergency repairs to the floor on January 29, 2010, and believed the floor to be safe.  (Id. at 43:16.)  He subsequently observed the Decedent and, Plaintiff Barry Cummings, walking on the repaired floor.  (Id. at 43:19.)

Almost eight months later on September 19, 2010, the Decedent tripped and fell on the partially repaired floor and sustained a comminuted angulated fracture of the left leg which required surgery.  (Fourth Am. Comp. ¶ 10.)  Surgery was performed on September 20, 2010. (Id.)  Two days later, Decedent, while hospitalized, suffered cardiac arrest and expired.  (Id. ¶ 11.)

## II.    PROCEDURAL BACKGROUND

Plaintiffs originally filed a Complaint in the Court of Common Pleas of Philadelphia County on August 25, 2010, against Allstate alleging breach of contract and bad faith.  (Not. of Removal ¶ 3.)  On March 29, 2011, Plaintiff was granted leave to amend the Complaint to add the Decedent's estate as an additional plaintiff.  (Id. ¶ 6.)  The Amended Complaint alleged breach of contract, statutory bad faith, and breach of good faith and fair dealing "pursuant to a survival action."  (Id. ¶ 8.)  On April 21, 2011, Allstate removed the case to this Court.  (Doc.

No. 1.)  Seven days later, Allstate filed a Motion to Dismiss Plaintiffs' breach of good faith and fair dealing claim and Plaintiffs' claim for compensatory damages under their statutory bad faith claim.  (Doc. No. 3.)  We granted Allstate's Motion to Dismiss on July 11, 2011, and ordered Plaintiffs to submit a Second Amended Complaint, which Plaintiffs timely filed.  See Cummings v. Allstate Ins. Co., Civil Action No. 11-02-691, 2011 WL 2681517 (E.D. Pa. July 11, 2011).

Plaintiffs' Second Amended Complaint is comprised of two counts.  In Count I, Plaintiffs allege that Allstate breached the contract of insurance by denying benefits due under the Policy without a reasonable basis.  (Second Am. Compl. ¶ 19.)  Also in Count I, Plaintiffs demand damages for pain and suffering, mental distress anguish, and mental trauma suffered by the Decedent prior to her death pursuant to Pennsylvania's Wrongful Death Act, 42 Pa. C.S. § 8301,[2] and damages for the loss of income and services of the Decedent pursuant to Pennsylvania's Survival Act, 42 Pa. C.S. § 8302.[3]  In Count II, Plaintiffs assert a statutory bad faith claim pursuant to 42 Pa. C.S. § 8371.[4]  Therein, they allege that Allstate acted in bad faith through its

---

[2] 42 Pa. C.S. § 8301 provides, in relevant part:

An action . . . may be brought to recover damages for the death of an individual caused by *the wrongful act or neglect or unlawful violence or negligence* of another if no recovery for the same damages claimed in the wrongful death action was obtained by the injured individual during his lifetime and any prior actions for the same injuries are consolidated with the wrongful death claim so as to avoid a duplicate recovery.

42 Pa. C.S. § 8301(a) (emphasis added).  The statute further provides: "a plaintiff may recover, in addition to other damages, damages for reasonable hospital, nursing, medical, funeral expenses and expenses of administration necessitated by reason of injuries causing death."  42 Pa. C.S. § 8301(c).

[3] The Survival Act provides: "All causes of actions or proceedings, real or personal, shall survive the death of the plaintiff or of the defendant, or the death of one or more joint plaintiffs or defendants." 42 Pa. C.S. § 8302.

[4] 42 Pa. C.S. § 8371 provides:

cursory investigation of the claim, its denial of coverage without a reasonable basis, its delay in paying the claim, its failure to keep them apprised of the claim status, and its myriad of false representations regarding the Policy provisions.  (Id. ¶ 26.)  Allstate filed its Second Motion to Dismiss on August 5, 2011, seeking to dismiss the Decedent's estate from the litigation and to strike from the Complaint the Plaintiffs' demand for damages relating to the Decedent's injuries. (Doc. No. 9.)  On September 30, 2011, we denied Allstate's Second Motion to Dismiss finding that the Decedent was properly joined and that a ruling on damages was premature.  See Cummings v. Allstate Ins. Co., Civil Action No. 11-02691, 2011 WL 4528366 (E.D. Pa. Sept. 30, 2011).

Allstate submitted its Third Motion to Dismiss on October 20, 2011, arguing that we should dismiss Plaintiffs' Second Amended Complaint pursuant to Rule 12(b)(7) for failure to join a necessary party under Rule 19(a), or, alternatively, that we should order that Bonsall be made a party to the lawsuit.[5]  On December 27, 2011, we denied Allstate's Motion to Dismiss, but granted their alternative Motion ordering that Bonsall be joined to this action as a co-defendant.

Plaintiffs filed a Third Amended Complaint on January 25, 2012, adding Bonsall, but

---

In an action arising under an insurance policy, if the court finds that the insurer has acted in bad faith toward the insured, the court may take all of the following actions: (1) Award interest on the amount of the claim from the date the claim was made by the insured in an amount equal to the prime rate of interest plus 3%; (2) award punitive damages against the insurer; or (3) assess court costs and attorney fees against the insurer.

42 Pa. C.S. § 8371.

[5] Federal Rule of Civil Procedure 12(b)(7) provides that a proper basis of dismissal is "failure to join a party under Rule 19."  Fed. R. Civ. P. 12(b)(7).

failing to set forth a cause of action against him.[6]  In response, Allstate filed a Motion to Dismiss the Complaint due to the Plaintiffs' failure to state a cause of action against Bonsall and to add him as a party.  Before we could make a ruling, the Plaintiffs filed a Fourth Amended Complaint. Thus, we denied Allstate's Motion to Dismiss as moot.  On February 28, 2012, Allstate again filed a Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(7) based upon Plaintiffs' failure to properly join Bonsall as ordered by this Court.  Oral argument on this Motion was held on May 25, 2012.

## III.    <u>STANDARD OF REVIEW</u>

Compulsory joinder is an exception to the general rule that the plaintiff has the right to choose whom to sue.  <u>See</u> 7 Fed. Prac. & Proc. Civ. § 1602 (3d ed.).  Rule 19 promulgates the considerations a court must undertake to properly ascertain whether a party's joinder is necessary, and empowers the court to order such action be taken if feasible.  <u>See</u> Fed. R. Civ. P. 19; <u>see also</u> <u>Provident Tradesmens Bank & Trust Co. v. Patterson</u>, 390 U.S. 102, 107 (1968); <u>Shetter v. Amerada Hess Corp.</u>, 14 F.3d 934, 938 (3d Cir. 1994).

Federal Rules of Civil Procedure 12(b)(7) and 19, acting in conjunction, allow a court to dismiss a case for failure to join a party in whose absence the court cannot accord complete relief, or whose interest in the dispute is of such a nature that to proceed without their presence could prejudice that party or others.  <u>See</u> Fed. R. Civ. P. 12(b)(7) and 19.  The moving party bears the burden to show that dismissal is proper.  <u>Disabled in Action v. Se. Pa. Transp. Auth.</u>, 635 F.3d 87, 97 (3d Cir. 2011).

In reviewing a motion made under Rule 12(b)(7), a court must accept the allegations in

---

[6]Plaintiffs merely added Bonsall's name to the caption under Defendants.

the complaint as true and draw all reasonable inferences in favor of the non-moving party. <u>Pitts.</u>
<u>Logistics Sys., Inc. v. C.R. England, Inc.</u>, 669 F. Supp. 2d 613, 618 (W.D. Pa. 2009) (citing
<u>Jurimex Kommerz Transit G.M.B.H. v. Case Corp.</u>, 65 Fed. Appx. 803, 805 (3d Cir. 2003)).
Furthermore, a court may consider "relevant, extra-pleading evidence" when ruling on a Rule
12(b)(7) motion. <u>Citizen Band Potawatomi Indian Tribe of OK v. Collier</u>, 17 F.3d 1292, 1293
(10th Cir. 1994) (citation omitted); <u>see also</u> <u>Davis Cos. v. Emerald Casino, Inc.</u>, 268 F.3d 477,
479 n.2, 480 n.4 (7th Cir. 2001); <u>Jurimex Kommerz Transit G.M.B.H. v. Case Corp.</u>, 201 F.R.D.
337, 339-40 (D. Del. 2001).

## IV.   DISCUSSION

In a prior Memorandum Opinion, we found that "we will not be able to award full
compensation to Plaintiffs in his [Bonsall's] absence." <u>Cummings v. Allstate Ins. Co.</u>, No. 11-
02691, 2011 WL 6779321, at *4 (E.D. Pa. Dec. 27, 2011).  Thus, within the meaning of Rule
19(a)(1)(A), we determined that Bonsall is a necessary party to this action, and his joinder is
required. <u>See</u> (<u>Id.</u>) & Fed. R. C. P. 19.  Accordingly, pursuant to Rule 19(a)(2), we explicitly
ordered Plaintiffs to join Bonsall as a Defendant. <u>See</u> Doc. No. 18.  Our analysis proceeds from
the premise that Bonsall is subject to service of process, and since subject matter jurisdiction is
predicated on diversity of citizenship, his joinder will not deprive the district court of jurisdiction
over this matter. <u>See</u> Fed. R. Civ. P. 19(1).

The record, since this Court ordered that Bonsall be joined as a party to the lawsuit,
evidences that Plaintiffs have largely disregarded our Order.   Less than a month after we issued
the Order, Plaintiffs filed a Third Amended Complaint. <u>See</u> Doc. No. 19.  Contrary to our
explicit instructions, Plaintiffs merely added Bonsall in the caption and failed to further include

him in the Amended Complaint or to assert any cause of action against him.  Id.  Consequently,

Allstate filed a 12(b)(7) Motion to Dismiss for failure to join Bonsall.  See Doc. No. 20.  Before

this Court could rule on the Motion, Plaintiffs filed a Fourth Amended Complaint which again

failed to join Bonsall as directed.  In this Complaint, Plaintiffs refused to properly add Bonsall as

a defendant, explicitly asserting that they have "no knowledge of facts that would constitute a

basis for the claim against David Bonsall, for negligence or otherwise, but have joined him as a

party to this action solely as a result of the Order entered by this Court."  See Doc. No. 27, ¶ 32.

Plaintiffs' position continued at oral argument on Defendant's Motion to Dismiss the

Fourth Amended Complaint.  (Oral Arg. Tr. at 14, May 25, 2012.)  Here, Plaintiffs neglected to

address any of Defendant's arguments as to the Motion; but rather, repeatedly attempted to re-

litigate our finding that Bonsall is an indispensable party and the accompanying Order mandating

his inclusion as a Defendant in Plaintiffs' Amended Complaint.  Id.  Even in spite of a warning

by this Court that the case could be dismissed with prejudice, Plaintiffs remained steadfast in

their defiance.  Id. at 19-20.

### A.        Sanctions for Failure to Join a Necessary Party

We can find no caselaw within our Circuit as to this particular issue.  It appears that only

one other circuit has addressed this specific issue.  In Sladek, the United States Court of Appeals

for the Seventh Circuit, asserted that Rule 12(b)(7) allows for the dismissal of a complaint for

failure to join an indispensable party, but that "dismissal with prejudice should ordinarily result

only after the court has ordered the party joined and the plaintiff has failed to do so."  Sladek v.

Bell Sys. Mgmt. Pension Plan, 880 F.2d 972, 980 (7th Cir. 1989).  The Court reasoned that a

plaintiff should not be punished for failing to anticipate the decision of the district court.  Id. at

981.  However, dismissal with prejudice is proper where the court sets forth a "clear signal" and the plaintiff neglects to follow.  Id.  Though the Seventh Circuit remanded the case on other grounds, the Sladek holding was implemented later.  See Taylor v. Chater, 907 F.Supp. 306, 311 (N.D. Ind. 1995).  In Taylor, the plaintiff, proceeding *pro se*, neglected to include a party deemed necessary by an order of the court (pursuant to Rule 19) in her motion for summary judgment.  Taylor, 907 F.Supp. at 308-309.  Adhering to the Sladek decision, the plaintiff's claims were dismissed with prejudice for failure to join a necessary party after being ordered to do so by the Court.  Id. at 311.

We find the approach set forth in Sladek and its progeny to be well-reasoned and persuasive.  In comparison to those cases, Plaintiffs in the present case have been given more chances to join the indispensable party.  Specifically, Plaintiffs have twice failed to properly add Bonsall to the amended complaint after being ordered to do so by this Court.  Additionally, at the hearing, the Plaintiffs' attempt at re-litigating our finding that Bonsall is indispensable evidences their intention to continue to disobey a clear order of this Court.

Our election to follow Sladek serves two important objectives:  (1) promoting judicial efficiency, and (2) protecting the integrity of the court.  The purpose of Rule 19 is to aggregate into the litigation all the parties whose joinder is necessary for a just adjudication.  Massaro v. Bard Acess Sys., Inc., 209 F.R.D. 363, 365 (E.D. Pa. 2002).  Implicit in this Rule, and the Federal Rules of Civil Procedure in general, is the recognition that there are parallel interests shared by the courts and the public in "promoting trial convenience, expediting the settlement of disputes, and preventing multiple lawsuits."  Massaro, 209 F.R.D. at 365 (quoting Field v. Volkswagenwerk AG, 626 F.2d 293, 299 (3d Cir. 1980) (modified on other grounds)).  Our

holding advances these considerations.  In cases such as this, Rule 19 serves as a valuable judicial tool to relieve the courts and the parties from the burdens of multiple litigations.  Where a plaintiff fails to follow a district court's order and properly join an indispensable party, we are of the opinion that dismissal is warranted because it advances judicial efficiency and economy. Moreover, we opine that, where a plaintiff refuses a district court's clear order to add a defendant, dismissal with prejudice is proper to protect the esteem of the court and promote the efficient functioning of our judicial system.

### B.    The Poulis Factors

Dismissal with prejudice is a drastic sanction which the United States Supreme Court has declared as "extreme."  Wesley v. Dixon, 198 Fed. Appx. 249, 251 (3d Cir. 2006) (quoting Nat'l Hockey League v. Met. Hockey Club, Inc., 427 U.S. 639, 643 (1976)).  Recognizing the severity of dismissal with prejudice, the United States Court of Appeals for the Third Circuit has constructed a six-factor analysis, known as the Poulis factors, to scrutinize and ultimately sift out the unworthy cases.  Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863 (3d Cir. 1984).  Before imposing any sanctions that "deprive a party of the right to proceed with or defend against a claim," courts must view the circumstances of the case through the lens of the Poulis factors. Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1148 (3d Cir. 1990).  Ample judicial precedent from the Third Circuit acknowledges that these factors must be applied in the case at hand.

The factors to be weighed under Poulis are as follows:  (1) the extent of the parties personal responsibility; (2) the prejudice to the defendant; (3) the history of dilatoriness; (4) whether the conduct was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim.  Poulis, 747 F.2d at 868.  Each factor does

not need to be satisfied for the district court to dismiss a claim.  Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).  However, all the factors must be considered.  Mindek v. Rigatti, 964 F.2d 1369, 1373 (3d Cir. 1992).  After carefully reviewing these factors, we conclude that dismissal with prejudice is appropriate.  Each of the factors is individually addressed below.

### (1) Extent of the Parties' Personal Responsibility

As a general rule, plaintiffs have the right to choose who to sue.  See 7 Fed. Prac. & Proc. Civ. § 1602 (3d ed.).  Compulsory joinder is an exception to this rule, and Rule 19 governs its application.  See Id.; see also Fed R. Civ. P. 19.

In this case, we found Bonsall, the nephew of the Plaintiffs, to be indispensable to the litigation.  Though ordered to join Bonsall, Plaintiffs themselves have chosen not to do so, and must be held accountable for the consequences of their own inaction.  Thus, we find Plaintiffs to bear responsibility for repeatedly not complying with this Court's Order, and weigh this factor in favor of dismissal.

### (2) The Prejudice to the Defendant

A finding of prejudice to an adversary weighs heavily in favor of dismissal.  Adams v. Trustees of N.J. Brewery Employees' Pension Trust Fund, 29 F.3d 863, 873-74 (3d Cir. 1994); Huertas v. City of Philadelphia, No. 02-7955, 2005 WL 226149, at *3 (E.D. Pa. Jan. 26, 2005). For conduct to be deemed "prejudicial" does not mean that it has to rise to the level of "irremediable harm" being inflicted.  Curtis T. Bedwell and Sons, Inc. v. Int'l Fid. Ins. Co., 843 F.2d 683, 693-94 (3rd Cir. 1988).  Rather, prejudice can occur where a defendant's "ability to prepare effectively a full and complete trial strategy" is impeded.  Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003).  Specifically, the burdens or costs imposed on a defendant to

gain compliance with court orders are prejudicial.  <u>Poulis</u>, 747 F.2d at 868; <u>Adams</u>, 29 F.3d at 874.

In this case, we find that Defendant suffered prejudice from the Plaintiffs' failure to add Bonsall.  Plaintiffs' inaction required Defendant to file two separate motions to dismiss and to attend an oral argument on the matter.  The loss of time and the money required to research, write, file and argue the motions was prejudicial to the Defendant.  <u>See</u> <u>Alexe v. Lucent Techs., Inc.</u>, No. 07-453, 2007 WL 3026864, at *3 (D. N.J. Oct. 17, 2007) (finding prejudice where plaintiff failed to show up for a deposition and defendant was inconvenienced in time and money).  This Circuit has previously held that the prejudice to the defendant from a plaintiff's failure to file an amended complaint compels dismissal.  <u>Azubuko v. Bell Nat'l Org.</u>, 243 F. App'x 728, 729 (3d Cir. 2007).  Here, even though the Plaintiffs did file an amended complaint, its deficiencies had the same prejudicial effect as not filing an amended complaint at all.  Thus, this prong advocates for dismissal.

### (3) History of Dilatoriness

A history of dilatoriness is exhibited by "extensive and repeated delay or delinquency" such as "consistent non-response to interrogatories or consistent tardiness in complying with court orders."  <u>Briscoe v. Klaus</u>, 538 F.3d 252, 260 (3d Cir. 2008) (citing <u>Adams</u>, 29 F.3d at 874).  In <u>Grine v. Coombs</u>, 214 F.R.D. 312, 362 (W.D. Pa. 2003), when faced with a plaintiff's continued refusal to accept and respect the rulings of the court as evidenced by their repeated attempts to re-litigate certain issues, the court found plaintiff's conduct to be sufficiently dilatory to support a dismissal with prejudice. The court acknowledged the plaintiff's right to seek reconsideration of rulings under the appropriate circumstances.  <u>Grine</u>, 214 F.R.D. at 366.

However, the court found "when a party's refusal to respect a court ruling results in multiple attempts to get a 'second bite at the apple'. . . thus unnecessarily impeding the progress of a case – such conduct exceeds the bounds of legitimate advocacy" and this "vexatious delay is offensive to the court and to all parties." Id.

This case mirrors Grine, and we find accordingly. Here, Plaintiffs neglected to comply with our Order to join Bonsall in two separate amended complaints. (Pls.' Am. Compl. 3 & 4.) As already noted at oral argument, Plaintiffs continued their contumacy arguing that "the only issue is the indispensable party issue." (Oral Arg. Tr. at 14, May 25, 2012.) Even after acknowledging our previous Order, Plaintiffs used the hearing to solely attempt to relitigate our finding that Bonsall was an indispensable party and our Order that he be joined as a Defendant. (Id. at 20.) We find Plaintiffs' refusal to obey our Order and their attempts to get a "second bite at the apple" to unnecessarily impede the progress of the case.

### (4) Whether the Conduct was Willful or in Bad Faith

The Third Circuit has declared this as "the critical factor," but found that "dismissal may, in select situations, be fitting even absent" such a finding. Estate of Spear v. Comm'rs of I.R.S., 41 F.3d 103, 112 (3d Cir. 1994). In essence, this prong tasks the court with determining the underlying rationale behind the plaintiff's conduct. A plaintiff's "failure to comply with the court's orders and in dragging the case out [must be] willful and not merely the result of negligence or inadvertence" to find for the defendant. Emerson v. Thiel College, 296 F.3d 184, 191 (3rd Cir. 2002). Thus, the court must ascertain whether the conduct was "strategic, intentional or self-serving" and not just negligence. Adams, 29 F.3d at 875. Where the record is devoid of any indication that plaintiff's failure was from "excusable neglect" the conclusion that

12

their "failure is willful is inescapable." Palmer v. Rustin, No. 10-42, 2011 WL 5101774, at *2 (W.D. Pa. Oct. 25, 2011).

In this case, we find that Plaintiffs willfully disregarded our Orders to join Bonsall. In spite of our clear directive, Plaintiffs twice refused to add Bonsall to the litigation. In addition, Plaintiffs' attempts at re-litigating our finding that Bonsall is an indispensable party at the May 25, 2012 hearing on Defendant's Motion to Dismiss, indicate the willfulness of their actions. In contrast, there is no evidence that the Plaintiffs' failure was from "excusable neglect." Palmer, 2011 WL 5101774, at *2. "Where plaintiff has failed to comply with instructions of the Court directing plaintiff to take specific actions. . . the Court is compelled to conclude that the plaintiffs actions are not accidental or inadvertent but instead reflect an intentional disregard for this case and the Court's instructions." Breeland v. Doll, No. 11-1415, 2012 WL 1424778, at *5 (M.D. Pa. Mar. 21, 2012).

### (5) The Effectiveness of Sanctions Other Than Dismissal

As previously noted, "dismissals with prejudice...are a drastic sanction, termed 'extreme' by the Supreme Court. . . and are to be reserved for comparable cases." Poulis, 747 F.2d at 867-68 (citing Nat'l Hockey League, 427 U.S. at 643). In this Circuit, dismissal has been found appropriate for not obeying court orders. See Deslonde v. N.J., No. 09-03446, 2010 WL 4226505, at *3 (D. N.J. Oct. 21, 2010) (sanctions less than dismissal would be ineffective for repeated and consistent failure to respond to court orders); see also Smith v. Altegra Credit Co., No. 02-8221, 2004 WL 2399773, at *5 (E.D. Pa. Sept. 22, 2004) (failure to respond to court order even after warnings indicated that additional warnings and sanctions short of dismissal would be ineffective); Rita's Water Ice Franchise Co., LLC v. Smith Enters., LLC, No. 10-4297,

13

2011 WL 1196468, at *5-6 (E.D. Pa. Mar. 29, 2011) (dismissal for failure to obey court orders). Here, this Court has clearly and expressly ordered the Plaintiffs to join Bonsall.  Though receiving several opportunities, Plaintiffs have neglected to do so. Consequently, we find that any sanctions short of dismissal would be ineffective in this case.

**(6) The Meritoriousness of the Claim**

Though the Third Circuit has consistently asserted that all the Poulis Factors must be considered, at this early stage in the litigation it is difficult to rule on the meritoriousness of the claims.  Mindek v. Rigatti, 964 F.2d at 1373.  Thus, in this case we have placed less weight on this factor, yet still proceed with the analysis.  On its face, Plaintiffs' claims regarding the Defendant's denial of coverage appears to have merit.  In light of Bonsall's repairs, the merits of the remaining claims appear questionable at best.

**V.    CONCLUSION**

As previously stated, we follow our sister Circuit's Sladek decision advocating for dismissal with prejudice in situations where a plaintiff refuses to add a necessary party as ordered by a court.  In light of the wealth of Third Circuit judicial precedent mandating the use of the Poulis factors, we conclude that a court must undertake this analysis before a finding of dismissal with prejudice.  Though each factor need not be satisfied for a court to dismiss a claim, all the factors must be considered.  Mindek, 964 F.2d at 1373; Hicks, 850 F.2d at 156.  As discussed above, we find the following:  Plaintiffs to have personal responsibility for the failure to add Bonsall; that Defendant was prejudiced by Plaintiffs' failure; that there is a history of dilatoriness by Plaintiff; that such conduct was willful or in bad faith, and that dismissal with prejudice is the only effective sanction.  Accordingly, the Defendant's Rule 12(b)(7) Motion to Dismiss

Plaintiffs' claims is granted.  Plaintiffs' Fourth Amended Complaint is dismissed with prejudice.

An appropriate Order follows.